Kelly Jones Howell (State Bar ID # 030682005)
**HARRIS BEACH PLLC**
One Gateway Center, Suite 2500
Newark, New Jersey 07102
(973) 848-1244
KHowell@HarrisBeach.com

*Attorneys for Defendant*
*Future Motion, Inc.*

## UNITED STATED DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN RUSSO,<br><br>      Plaintiff,<br><br>v.<br><br>FUTURE MOTION, INC., "ABC CORP 1-10", "DEF CORP 1-10", "ABC MANUFACTURER 1-10", and/or "DEF SELLER 1-10", (being fictitious designations),<br><br>      Defendants. | Civil Action No.:_____<br><br>**NOTICE OF REMOVAL** |

Defendant FUTURE MOTION, INC. ("Future Motion" or "Defendant"), hereby removes to this Court the state action described below. Removal is warranted under 28 U.S.C. § 1441 because this is an action over which this Court has original jurisdiction under 28 U.S.C. § 1332.

**I.    BACKGROUND**

1. Plaintiff Stephen Russo, brought this personal injury action against Future Motion by filing a Summons and Complaint in the Superior Court of New Jersey, Bergen County, Law Division, on or about May 12, 2022. *See* Declaration of Kelly Jones Howell in Support of Notice of Removal under 28 U.S.C. § 1441(b) (Diversity) of Future Motion (hereinafter "Howell Decl."). This case was assigned Docket No: BER-L-2623-22 *See id*. at ¶ 1. Please find the Summons and Complaint annexed to the Howell Decl. as **Exhibit A**.

2. This case arises out of the personal injury suffered by Plaintiff Stephen Russo allegedly caused by Defendant Future Motion's negligence. *Id.* at ¶ 10. Plaintiff alleges that Defendant failed to exercise reasonable care and breached their duty to Plaintiff in violation of New Jersey Products Liability Act, N.J.S.A. 2A: 58C-1 et seq. . *Id.* at ¶¶ 5, 9. Plaintiff also alleges that as a result, Plaintiff was caused to suffer severe, permanent, and disabling injuries, both mentally and physically. *Id.* at ¶ 10. Plaintiff alleges causes of action for strict liability. *Id.* at ¶ 11.

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and because Future Motion has satisfied the procedural requirements for removal.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000 and is between citizens of different states.

### A. DIVERSITY OF CITIZENSHIP

5. Plaintiff was, at the time this action was commenced, a resident and citizen of the State of New Jersey. *See* Howell Decl., Exhibit A; ¶1.

6. Defendant Future Motion is and was at the time Plaintiff commenced this action, a corporation organized under the laws of the Delaware, with its principal place of business in Santa Cruz, California. *See* Howell Decl., ¶ 4. Therefore, Future Motion, Inc. is a citizen of Delaware and California for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

7. The presence of fictitiously named defendants in the Complaint does not defeat

diversity and would not form a basis for remand because *inter alia*, plaintiff does not plead any identifying information or substantive conduct, other than boiler plate claims. *See Fronczkiewicz v. Magellan Health Servs., Inc.*, No. CV-11-07542JEIAMD, 2012 WL 12903862, at *1 (D.N.J. Jan. 19, 2012) (remand denied because plaintiff "fail[ed] to articulate any substantive conduct or plead any identifying information whatsoever" of fictitious entities and identifying the entities as employees, agents and/or representatives of Defendants did not defeat diversity).

      **B.**     **AMOUNT IN CONTROVERSY**

8. It is apparent from the face of the Complaint that plaintiff seeks an amount in controversy in excess of $75,000 exclusive of interest and costs.

9. Plaintiff alleges that he was caused to suffer and sustain severe permanent and disabling mental and physical injuries and has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual duties, business and activities of daily life and seeks damages, interest, well as costs. *See* Howell Decl., Exhibit A, Summons and Complaint, ¶ 10.

10. Moreover, on June 29, 2022, the undersigned spoke with plaintiff's counsel regarding plaintiff's claims and alleged damages. Plaintiff's counsel advised plaintiff was still treating for Traumatic Brain Injury and other orthopedic injuries as a result of the claims alleged in the complaint. *See* Howell Decl., ¶ 7.

11. It is evident from the face of the Complaint the amount in controversy exceeds the jurisdictional minimum set forth in 28 U.S.C. 1332(a). *See Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (claim for wrongful death satisfied amount in controversy because "there [was] no doubt that a reasonable jury likely could have valued [plaintiff's] losses at over [the amount in controversy]"). Further, remand would be inappropriate because "it does not appear to a *legal certainty* that [Plaintiff] cannot recover the jurisdictional amount" especially considering

plaintiff is claiming Traumatic Brain Injury. *See Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (emphasis in original) (when assessing whether the amount in controversy is satisfied the Court should also consider punitive damages and attorneys' fees where available); Howell Decl., ¶ 7.

### III.   PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

12. Defendant received a copy of Plaintiff's Summons and Complaint on June 6, 2022. *See* Howell Decl., at ¶ 6.

13. Removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because Defendant has filed this Notice of Removal with this Court within thirty (30) days after becoming aware of Plaintiff's Summons and Complaint.

14. The Superior Court, Law Division, Bergen County, New Jersey is located within the District of New Jersey, and therefore venue is proper in this court pursuant to 28 U.S.C. § 110 because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a)

15. A copy of this Notice of Removal will promptly be filed in the Superior Court of the State of New Jersey, Bergen County, Law Division, and delivered to Plaintiff's counsel of record. *See* Notice of Filing of Notice of Removal to State Court annexed to the Howell Decl. as **Exhibit B**.

16. By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available to it under state or federal laws. Defendant expressly reserves the right to move for dismissal of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Future Motion prays that the above-styled action now pending against it in the Superior Court of the State of New Jersey, Bergen County, Law Division, be

removed therefrom to this Honorable Court, the United States District Court for the District of New Jersey.

Dated:  July 1, 2022

                                                  HARRIS BEACH PLLC

                                                  /s/ Kelly Jones Howell
                                                  Kelly Jones Howell
                                                  Andre J. Major
                                                  *Attorneys for Defendant*
                                                  **FUTURE MOTION, INC.**
                                                  One Gateway Center, Suite 2500
                                                  Newark, NJ 07102
                                                  (973) 848-1244