# Exhibit "A"

**LAW OFFICES ROSEMARIE ARNOLD**
1386 Palisade Avenue
Fort Lee, New Jersey 07024
(201) 461-1111
Attorneys for Plaintiff, *Stephen Russo*
Attorney ID No.: 034241986
Filing Attorney ID No.: 129602015

| | |
|---|---|
| Plaintiff,<br><br>STEPHEN RUSSO,<br><br>v.<br><br>FUTURE MOTION, INC., "ABC CORP 1-10," "DEF CORP 1-10," "ABC MANUFACTURER 1-10," and/or "DEF SELLER 1-10" (being fictitious designations),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: BER-L-2623-22<br><br>CIVIL ACTION<br><br>SUMMONS |

**THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT (S):**

**Future Motion, Inc.**
**ATTN: OWNER/MANAGER/SUPERVISOR**

THE PLAINTIFF, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If the complaint is one in foreclosure, then you must file your written answer to motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to the plaintiff's attorney whose name and address appear above, or to the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ 175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a Judgment against you for the relief plaintiff demands, plus interest and costs of suit. If

judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a County Lawyer Referral Service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service, toll free (800) 792-8315 (within New Jersey) or (609) 394-1101 (from out of state). The phone numbers for the county in which this action is pending are: See attached.

/s/ *Michelle M. Smith, Clerk*
MICHELLE M. SMITH, CLERK

Dated: 6/2/2022

**Name of Defendant(s):**   Future Motion, Inc.

**Address to be Served:**   1201 Shaffer Road
Santa Cruz, California  95060

**LAW OFFICES ROSEMARIE ARNOLD**
1386 Palisade Avenue
Fort Lee, New Jersey 07024
(201) 461-1111
Attorneys for Plaintiff, *Stephen Russo*
Attorney ID No.: 034241986
Filing Attorney ID No.: 129602015

| | |
|---|---|
| Plaintiff,<br><br>STEPHEN RUSSO,<br><br>v.<br><br>FUTURE MOTION, INC., "ABC CORP 1-10," "DEF CORP 1-10," "ABC MANUFACTURER 1-10," and/or "DEF SELLER 1-10" (being fictitious designations),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: BER-L-<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiff, STEPHEN RUSSO, residing at 8 May Court, Mahwah, New Jersey, by way of Complaint against Defendants, says:

## PARTIES

1. At all relevant times, Defendant, FUTURE MOTION, INC. and/or "ABC CORP 1-10" was a Delaware for-profit corporation, product seller, and online retailer, with its headquarters and principal place of business at 1201 Shaffer Road, Santa Cruz, California, which, at all relevant times, intentionally targeted and distributed its products globally, and to consumers of the State of New Jersey, including Plaintiff, transacted business in the State of New Jersey, contracted to supply services or goods in the State of New Jersey, caused tortious injury in New Jersey, and/or regularly does or solicits business and/or engages in other persistent courses of conduct and derives substantial revenue from goods used or consumed or services rendered in New Jersey.

2. At all relevant times, Defendants, "DEF CORP 1-10" (being fictitious designations), were agents and/or servants of Defendants, FUTURE MOTION, INC., "ABC CORP 1-10," "ABC

MANUFACTURER 1-10," and/or "DEF SELLER 1-10" (being fictitious designations), which conducted business in the State of New Jersey.

3. At all times herein, Defendants, FUTURE MOTION, INC., "ABC CORP 1-10," "DEF CORP 1-10," "ABC MANUFACTURER 1-10," and/or "DEF SELLER 1-10" (being fictitious designations), were sellers and/or manufacturers, as defined by New Jersey law, which intentionally targeted and distributed products to consumers of New Jersey, including Plaintiff and Co-Defendants, transacted business in New Jersey, contracted to supply services or goods in New Jersey, caused tortious injury in New Jersey, and regularly do or solicits business and engage in other persistent courses of conduct and derive substantial revenue from goods used or consumed or services rendered in New Jersey.

4. All of Defendants' actions set forth herein were taken to specifically interact with New Jersey residents.

5. Defendants worked together under a business agreement, the terms of which are known only to Defendants at this time, to solicit orders from, and sell and/or distribute products to, residents of New Jersey.

6. Defendants operate interactive websites and have substantial contacts with New Jersey residents and customers through their websites. Defendants advertise to New Jersey customers and conduct transactions with New Jersey residents through the internet.

7. Defendants and/or their subsidiary(s) and/or agents have personal contact with each and every New Jersey resident that visits their website(s).

8. Defendants and/or their subsidiary(s) and/or agents, employ "Customer Tracking," whereby they place "cookies" on New Jersey residents' hard drives, and Defendants know each

and every visitor and/or customer that accesses Defendants' website(s) and then use its embedded marketing techniques to further target and conduct business with New Jersey residents.

9. Defendants' interactions and transactions with New Jersey residents are 24 hours a day, 7 days a week, 52 weeks of the year, and include marketing, advertising, promoting, and selling products, including making personal purchase recommendations, accepting orders, receiving payments and making deliveries to New Jersey residents.

10. Defendants also provide service links for New Jersey residents whereby New Jersey residents can e-mail questions or call Defendants.

11. Defendants' websites are interactive to such a degree that it reveals their specific intent to target New Jersey residents and to transact business or otherwise interact specifically with New Jersey residents.

12. At all times, Plaintiff, STEPHEN RUSSO, was a resident of the State of New Jersey.

### FIRST COUNT

1. At all times hereinafter mentioned, Defendants, FUTURE MOTION, INC., "ABC CORP 1-10," "DEF CORP 1-10," "ABC MANUFACTURER 1-10," and/or "DEF SELLER 1-10" (being fictitious designations), and their agents, servants and/or employees, were engaged in the manufacture, design, supply, assembly, inspection, distribution and/or sale of a certain consumer product, namely, a battery operated electric "One Wheel" (the "Product"), bearing model no. XR One Wheel+, including but not limited to any and all attachments, accompanying parts, documentation, packaging, and/or paraphernalia.

2. On or about October 20, 2019, Plaintiff, STEPHEN RUSSO, purchased the Product from Defendants, FUTURE MOTION, INC., "ABC CORP 1-10," "DEF CORP 1-10," "ABC MANUFACTURER 1-10," and/or "DEF SELLER 1-10" (being fictitious designations).

3. On or about August 17, 2020, Plaintiff, STPHEN RUSSO, while using the Product in the manner for which it was intended to be used, sustained severe and permanent injuries, which injuries were due to the defective, hazardous, and/or inadequate design, manufacture, warning(s), assembly, supply, installation, maintenance, inspection, distribution, repair and/or sale of the aforesaid Product, which defects were present in the Product at the time it left Defendants' hands.

4. Defendants, FUTURE MOTION, INC., "ABC CORP 1-10," "DEF CORP 1-10," "ABC MANUFACTURER 1-10," and/or "DEF SELLER 1-10" (being fictitious designations), by placing the Product into the stream of commerce, expressly and impliedly warranted to Plaintiff and persons such as Plaintiff that the Product was merchantable and reasonably fit, suitable, and safe for its intended purpose and are strictly liable in tort for any and all defective, hazardous, and/or inadequate design(s), manufacture, and/or warning(s) of the Product.

5. Defendants, FUTURE MOTION, INC., "ABC CORP 1-10," "DEF CORP 1-10," "ABC MANUFACTURER 1-10," and/or "DEF SELLER 1-10" (being fictitious designations), owed a duty to Plaintiff, and foreseeable users such as Plaintiff, to exercise due care in designing, manufacturing, warning, assembling, supplying, installing, maintaining, inspecting, distributing, repairing and/or selling the Product to ensure that it was reasonably fit, suitable, and safe for its intended purpose.

6. Defendants, FUTURE MOTION, INC., "ABC CORP 1-10," "DEF CORP 1-10," "ABC MANUFACTURER 1-10," and/or "DEF SELLER 1-10" (being fictitious designations), knew or in the exercise of reasonable care should have known that the Product was not reasonably fit, suitable, and/or safe for its intended purpose insofar as it was:

(a) designed, manufactured, assembled, supplied, installed, maintained, inspected, distributed, repaired and/or sold in a condition inherently dangerous for its intended use;

(b) failed to warn or give adequate notice of the method of assembly of the aforesaid Product and/or that same was defectively designed and/or failed to warn of the hazardous design and inherent dangers of the Product; and/or

(c) failed to otherwise exercise due care with respect to designing, manufacturing, marketing, assembling, supplying, installing, maintaining, inspecting, distributing, repairing and selling the Product.

7. Defendants, FUTURE MOTION, INC., "ABC CORP 1-10," "DEF CORP 1-10," "ABC MANUFACTURER 1-10," and/or "DEF SELLER 1-10" (being fictitious designations), breached their duty to Plaintiff and/or violated the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1 et seq., which requires a product(s) sold in New Jersey to be reasonably fit, suitable, and safe for its intended purpose, in that said Defendants:

(a) designed, manufactured, assembled, supplied, installed, maintained, inspected, distributed, repaired and sold the Product with the aforementioned defects;

(b) failed to warn or give adequate notice that the Product was defectively designed, manufactured, and/or distributed; and/or

(c) failed to otherwise exercise due care with respect to designing, manufacturing, assembling, supplying, installing, maintaining, inspecting, distributing, repairing, warning, and/or selling the Product.

8. Defendants, FUTURE MOTION, INC., "ABC CORP 1-10," "DEF CORP 1-10," "ABC MANUFACTURER 1-10," and/or "DEF SELLER 1-10" (being fictitious designations), knew, or in the exercise of reasonable care should have known, that the Product was a dangerous instrumentally if not properly designed, manufactured, tested, accompanied with adequate warnings, or inspected and that the Product presented the probability of harm to any foreseeable

users, including Plaintiff, unless it was reasonably fit, suitable, safe for its intended purpose, and free from defects and failures to warn. The aforesaid Defendants had a duty to foreseeable users, and to the Plaintiff, in particular, to:

(a) inspect and test the Product that it sold so as to determine whether it would be reasonably fit for its intended uses; and/or

(b) warn or give fair and adequate notice of the inherently dangerous condition existing due to the negligent design, manufacture, assembly, supply, installation, maintenance, inspection, distribution, repair and/or sale of the Product.

9. Defendants, FUTURE MOTION, INC., "ABC CORP 1-10," "DEF CORP 1-10," "ABC MANUFACTURER 1-10," and/or "DEF SELLER 1-10" (being fictitious designations), breached their duty to Plaintiff and/or violated N.J.S.A. 2A:58C-1 et seq., as described, in that Defendants failed to warn Plaintiff and persons such as Plaintiff of the inherently dangerous condition of the Product and/or failed to inspect and/or test the Product to determine if it was reasonably fit and safe for its intended use.

10. As a proximate cause and reasonably foreseeable result of Defendants' aforesaid negligent acts, omissions, and/or strict liability, Plaintiff was caused to suffer and sustain severe, permanent, and disabling injuries, both mental and physical, has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual duties, business, and activities of daily life.

11. As a proximate cause and reasonably foreseeable result of the foregoing acts and/or omissions, Defendants are strictly liable in tort pursuant to N.J.S.A. 2A:58C-1 et seq.

**WHEREFORE**, Plaintiff, STEPHEN RUSSO, demands judgment against Defendants, FUTURE MOTION, INC., "ABC CORP 1-10," "DEF CORP 1-10," "ABC MANUFACTURER

1-10," and/or "DEF SELLER 1-10" (being fictitious designations), jointly, severally, and/or jointly and severally, for damages, interest, costs of suit, and such other relief as the Court deems necessary and proper.

## SECOND COUNT

1. Plaintiff repeats each and every allegation contained in all previous Counts of the Complaint as if set forth herein at length.

2. Plaintiff, STEPHEN RUSSO, is the intended third-party beneficiary under a policy or policies of insurance held by Defendants herein for the payment of medical expenses incurred as a result of the subject accident, regardless of fault.

3. Defendants have failed to honor the provisions of said policy and have refused and continue to refuse to make payment of medical expenses incurred as the result of the subject accident up to the limit of the policy provisions as aforesaid.

**WHEREFORE**, Plaintiff, STEPHEN RUSSO, demands judgment against Defendants, FUTURE MOTION, INC., "ABC CORP 1-10," "DEF CORP 1-10," "ABC MANUFACTURER 1-10," and/or "DEF SELLER 1-10" (being fictitious designations), jointly, severally, and/or jointly and severally, for damages, interest, costs of suit, and such other relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Brian A. Klein, Esq., is designated as trial counsel.

## CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any court or arbitration proceeding, that no such other action or arbitration proceeding is contemplated by this Plaintiff, and that there are no other parties, whom, to the knowledge of the Plaintiff's counsel, should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/S/ Brian A. Klein, Esq.

Date: May 12, 2022

By: BRIAN A. KLEIN
**LAW OFFICES ROSEMARIE ARNOLD**
Attorney ID No.: 129602015
1386 Palisade Avenue
Fort Lee, New Jersey 07024
(201) 461-1111
Attorneys for Plaintiff, *Stephen Russo*

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-002623-22

**Case Caption:** RUSSO STEPHEN VS FUTURE MOTION, INC
**Case Initiation Date:** 05/12/2022
**Attorney Name:** BRIAN ALEXANDER KLEIN
**Firm Name:** ROSEMARIE ARNOLD
**Address:** 1386 PALISADE AVE
FORT LEE NJ 07024
**Phone:** 2014611111
**Name of Party:** PLAINTIFF : RUSSO, STEPHEN
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: STEPHEN RUSSO?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
  If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
  If yes, for what language:


Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/12/2022
Dated

/s/ BRIAN ALEXANDER KLEIN
Signed